IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Freddie Sanchez, Jr.,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-21-00256-TUC-JGZ<br><br>**ORDER** |

On March 9, 2022, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation (R&R) recommending that the Court affirm the Commissioner's decision denying Plaintiff Freddie Sanchez's application for Social Security disability benefits. (Doc. 22.) On March 23, 2022, Plaintiff filed an Objection to the Report and Recommendation. (Doc. 23.) The Commissioner timely responded. (Doc. 24.) After reviewing the Report and Recommendation and considering the arguments raised in Plaintiff's Objection, the Court will overrule the Objection and adopt Judge Aguilera's Recommendation.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in

original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider newly-raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

## DISCUSSION

In his Objection, Plaintiff argues that the Commissioner's decision is in error because there is no evidence that establishes that Plaintiff's co-occurring mental disorders would improve to the point of nondisability in the absence of drug and alcohol abuse (DAA). (Doc. 23 at 1.) Plaintiff contends that the mental effects of Plaintiff's DAA cannot be separated from the effects of Plaintiff's co-occurring mental disorder because he has never had a period of abstinence sufficient to show whether his functional limitations stemmed from alcohol or depressive disorder. (*See id.* at 1-2.) Plaintiff asserts that his medical records show periods of days or weeks that he might not have consumed, but these are not "periods of abstinence," as defined by SSR 13-2p. (*Id.* at 3-4.) Plaintiff further argues that the Administrative Law Judge could not rely on the opinions of Dr. Jarmon because Dr. Jarmon concluded that the record did not show any periods of abstinence long enough to draw conclusions about whether Plaintiff's functional limitations stemmed from alcohol or major depression. (*Id.* at 4.)

Plaintiff also objects to the Magistrate Judge's conclusion that SSR 13-2p allows the ALJ to rely partially on a medical expert's expertise and general medical knowledge in evaluating whether DAA is material in the case of a co-occurring mental disorder. (*Id.* at 4.) And, Plaintiff argues that, even if the Magistrate Judge was correct in this regard, here, the ALJ relied only on Dr. Jarmon's opinion, which was improper, because his opinion was speculative as it was based only on his experience with other patients and not on any specific evidence of abstinence in Plaintiff's case. (*Id.* at 4-5.) Plaintiff contends that Dr.

Jarmon did not opine that Plaintiff would not have depression absent alcohol, and Dr. Jarmon did not cite anything in the record that would show Plaintiff would not have symptoms of depression absent DAA or that DAA is not itself a symptom of depression. (*Id.*)

Finally, Plaintiff argues that there is no evidence that Plaintiff's condition would improve absent DAA, and that the Magistrate Judge erred in relying on SSR 13-2p, *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118 (2d Cir. 2012), and *Parra v. Astrue*, 481 F.3d 742 (2007), for the proposition that where the effects of DAA cannot be separated from those co-occurring mental disorders, DAA cannot be material. (*Id.* at 5-6.)

The Court has reviewed Magistrate Judge Aguilera's R&R, which thoroughly addressed the arguments Plaintiff presents in his Objection. (*See* Doc. 22.) The Court agrees with Magistrate Judge Aguilera's analysis and conclusions,[1] including Magistrate

---

[1] The Court finds that records cited by the Magistrate Judge in her R&R demonstrate sobriety, sufficient to determine that Plaintiff is nondisabled without alcohol. In the following specific instances, claimant is "abstinent long enough…outside of [] highly structured treatment settings…to allow the acute effects of drugs or alcohol abuse to abate," *see* SSR 13–2p(9), 2013 WL 621536, at *12: AR 3604-44 (after almost two months of inpatient treatment without alcohol use, Plaintiff's attention and concentration were "good," his mood was "relaxed," and his insight and judgment were "good"); AR 6059 (after a three-week period of abstinence, Plaintiff's symptoms abated and showed "significant changes": Plaintiff was feeling "average," and although his mood had "been down, due to not having a job," his eye contact was "appropriate," his mood was neutral, and he rated his anxiety low, around three to four out of 10); AR 6063-64 (after two months without drinking, Plaintiff felt "improved mood" and reported "no daily sadness, energy, preoccupation with guilt, or suicidal ideation"); AR 6083 (after two months of abstinence, Plaintiff reported, "I am feeling better, but I am still a little depressed. I have been a lot better. I am feeling a lot better."); and AR 6118 (at a May 21, 2019 visit, with the record showing no drinking for four months, Plaintiff told the examiner, "my mood has been good" and "my anxiety has been good," and displayed a neutral mood). Additionally, the Court disagrees with Plaintiff's suggestion that the Court should not rely on his March 2019 (AR 6083) and May 2019 (AR 6118) records, because he was admitted to the emergency department for detox on May 30, 2019 (AR 6511). (Doc. 23 at 3.) The March and May mental status examinations provide evidence of Plaintiff's mental status while abstaining from alcohol for approximately four months. These records also demonstrate, *see id.*, Plaintiff's non-DAA limitations were not disabling during these periods.

Judge Aguilera's conclusion that the Commissioner's decision is supported by substantial evidence. Accordingly, the Court will overrule Plaintiff's objections and adopt the R&R.

**IT IS HEREBY ORDERED**:

(1) Plaintiff's Objection (Doc. 23) is **OVERRULED**.

(2) Magistrate Judge Aguilera's Report and Recommendation (Doc. 22) is **ACCEPTED** and **ADOPTED**.

(2) This case is **DISMISSED**.

(3) The Clerk of the Court shall enter judgment accordingly and close this case.

Dated this 27th day of July, 2022.

Honorable Jennifer G. Zipps
United States District Judge